People's State of Illinois, Mr. Michael Whitmer, 413-0916, for the appellant, Mr. Zopp, for the appellee, Mr. Majors, you may proceed. Good morning, your honor. May it please the court, counsel. I believe the legal issue is relatively narrow, but perhaps a little background might help the court in analyzing some of the various references that are made. In 2005, when I engaged on my fourth career path, I approached Judge Pacey and indicated to him that I would be willing and anxious to accept court-appointed cases in Ford County, much as I did with Tom DeFontis in Champaign County and the Central District of Illinois federal system. I also told Judge Pacey to give me the worst that he could find because I felt like I needed a challenge. In 2011, he appointed me to Mr. Whitmer. Mr. Whitmer is the Tasmanian devil of clients. He engaged in every bit of activity he could, but in this instance, he was correct. I was appointed to represent him in May of 2011 on 11 CF-41, which is a criminal case that he makes reference to when he has to exchange with Judge Pacey concerning his motion to substitute on Parker's case. At that time, he had that case pending with me appointed to represent him. He goes to various hearings, and Judge Pacey, to his credit, allows him to participate. I believe, in Judge Pacey's mind, he thought it would be a judicial economic action. Keep in mind, he had joined Elliot Goff's case and Remington, the other two minors of Meredith Mahon, in the interest of moving these cases along. P.W. is the third child? Well, the third child of Meredith Mahon, the second child of Michael Whitmer. Okay, but P.W. is the third case in front of Judge Pacey? That's correct. So there are these two other earlier cases, and then there's the P.W. case that was a March 14, 2011, petition for wardship and the shoulder care hearing and adjudicatory hearing in May 2011, and there's reason to believe that your client is the father. Reason, but not enough in Judge Pacey's mind. Well, now, this is interesting. Just pausing right there, Matthew Fitton filed the initial petition as state's attorney, did he not? Yes, Your Honor. And then we had Mr. Fitton no longer involved and people from SAP who were involved? Mr. Fitton filed a request for a special prosecutor because he had previously represented Mr. Whitmer. Okay, so... And at the time, I believe he participated in much of the earlier proceedings, but at the time he had not yet received an ARDC complaint that Mr. Whitmer filed against Mr. Fitton, and to me, I think that was most likely the deciding factor. So, Mr. Whitmer shows up at the hospital, says, I'm the father, we hear this at the shoulder care hearing, the mother says he's most likely the father, in fact, he is the father and concedes of the second child, but the state's attorney never identifies him as the father in any pleadings, is that right? That's correct. Now, just pausing right there, including SAP who showed up as the later counsel, does the record contain any reason why? Why they failed to say, by the way, you know, there's this guy out there who's showing up and he says he's the father, the mother says he's the father, and he is the father of the second kid in these cases, but we're not going to amend the pleadings to show him as the father. Well... What's that all about? The only justification for that position, could or might be, that initially Meredith Mahon indicates the father's unknown at Carle Hospital, she subsequently tells the case workers that she's not sure, and ultimately admits that she really didn't want Mr. Whitmer involved. Mr. Zell, you've been around this a long time, what threshold is necessary before the prosecutor in a neglect or abuse proceeding can say, we're going to identify Ferd Bertholdt as the father of this child? Zero, any indication that he would be named. Exactly, and if the father turns out to come and say, what are you talking about, this kid ain't mine, I don't know what this woman is saying, I want to be discharged, I want this to be off, the court can say, sounds good to me, and that would be the end of it. Most quickly, a order with waiving all parental rights would be presented to him and it would be given to the judge and proceedings would go along much more smoothly. So no prosecutor, however, in this case ever bothered to include Mr. Whitmer as a party. Well, not only did they not include him, at various points he tries to engage as a litigant and Judge Pacey cautions him and says, you're an interested party, you're an interested individual, but you're not a party. So, here's this guy showed up and says he wants to participate, and the judge says, and by the way, whose call is it? It's not the judge's decision to make someone a party or not in a neglect proceeding, it's the pleading, isn't it? Well, not only the pleading, but at that point, Jim Forster from DCFS indicated they would not give a DNA test, but that seemed to be the threshold for him to be included as a party. And of course, the threshold may be in their mind, but as you just indicated, and I think you're exactly right, it's almost a zero threshold for the prosecutor to simply amend a petition saying you're not a party. In my experience, it's just the easiest way to go. Okay, but they didn't do it. They meaning collectively? Well, the prosecutor didn't do it, and the judge is saying, well, you're not really a party, but you're here, what was it, I guess, like the common term, a person of interest, or some other nonsense? But he said you're an interested person, and he had participation up to a point. Yeah, and, but, you know, if you're not a party, then you have no more standing to participate than the guy that walks in off the street, isn't that right? Well, Mr. Widmer did not walk off the street, he walked across the street. He was in custody in 11 CF41 at the time, Your Honor. Okay, so, cutting to the chase, we finally get Mr. Widmer, who is participating, sort of, and repeatedly told by the judge, by the way, you're not a party. And then the DNA results come back, and the DNA results identify him as the father, and then he files his motion. Correct, Judge. Now, even after the DNA results come back, did the prosecutor ever amend the petition to include this guy as the father? Your Honor, I was asked to be there and terminated within the time period that that quitter might happen. I didn't see anything in the record. Well, we looked, too. We haven't seen it. But he says on the record, now that the DNA test shows I'm the father, I'm a party, and, by the way, Judge, I want to substitute you out. That's essentially what happened? Correct. And at that time, he also had a pending motion, 11 CF41, to substitute Judge Pace's proposal on that case, as well. Okay. That's his reference to the August 5th proceeding. So, Judge Pace says, essentially, and he would be wrong to talk about the testing the waters doctrine, but that's only because, since that time, we've come up with a case that says, forget about testing the waters. The SHNEP, correct? Correct, the SHNEP case. And so, Judge Pace, he says, you've had a chance to test the waters, and I'm going to deny your motion for SOJ, which is essentially, that's the single issue you bring to us today to challenge the subsequent termination. Yes, Your Honor. Okay. Now, the subsequent termination petition was filed 18 months later. So, I guess your theory, with some legitimacy in case law, would say the termination proceeding is merely a continuation of the earlier neglect proceeding, and the improper denial of an SOJ in the neglect proceeding still would apply in the termination proceeding, and because there's no harmless error, anything that happens thereafter is void. Absolutely, particularly given the fact that Judge Pace repeatedly makes reference to the permanency reports, the disposition reports, and everything else that was amassed prior to Mr. Widmer's pro se substitution motion. Here's a potential problem, though. And I emphasize this whole business of who's a party and what's a party because I've, as I mentioned in the last case, 45 years now of all this, it's hard to believe, but I've never seen a record like this. And in juvenile court proceedings especially, it's just astonishing and awful that we have the uncertainty surrounding these proceedings. Here's the problem. The section of the Code of Procedure, Civil Procedure 2-1001A2, which you're citing, substitution as a right, speaks about when a party timely exercises right to substitution without cause, then it shall be granted. And we know from case law that the improper denial of an SOJ, as you suggest, renders all subsequent orders thereafter void because the judge should have been off the case. Here's the problem. The statute speaks of when a party timely exercises his or her right to SOJ. If your client was never a party in a technical sense in that earlier neglect proceeding, then wasn't his purported motion for SOJ essentially nugatory, totally without effect, so that when he subsequently was brought before the court 18 months later on a petition for termination, if he wished to get rid of Judge Pacey, who was the judge throughout this entire morass, that he'd have to file a motion SOJ anew now that he actually is a party because they named him in the petition to terminate. What about that? That seems to allow the state to benefit from its own lack of procedural process. In addition to that... Well, you would be right except for this point, Mr. Zolk. The state clearly, on multiple occasions and multiple times, could have and should have included Mr. Widmer. As I say, I've never seen anything like this. I think the military is a term foobar, which I won't spell out, but certainly seems to be more applicable here than any other juvenile case I've ever seen. The state failed to do it. However, as I just suggested, it's not as if your client, 18 months later, when this issue comes up and he's seeking to terminate his parental rights, is without a remedy. Literally nothing stopped him from filing a motion for SOJ then. Judge, I did file that motion. Once I was appointed to Mr. Widmer, I filed that motion and I related it back to September 12th. We don't have a motion for substitution of judge in the termination case, do we? Yes, there is, Judge. I believe I included it. Well, now that would make a difference. I don't know that we have it. I think you, indeed, you just confirmed, Mr. Zolf, that you were relying upon the improper denial 18 months earlier of the purported SOJ motion in the McLeod case. Not in a denial or ruling on a motion filed in the termination petition, which was in 2013. Well, I hadn't thought about the aspect of party, but I presuppose that should Mr. Widmer have done it properly, and properly meaning following the technical forms with the standard locally construed and it's automatic without discretion, it would have been granted. By the way, this is bizarre. I've never seen a situation where the issue is a motion for substitution of judge, but was the guy technically a party? This is a pretty important matter. He thought he was a party when the DNA comes back, but this is pretty basic stuff. You're only a party as a result of pleadings. But, Judge, it's even more important, given the fact, as the Supreme Court rule requires us, that we must put in bold caps above every one of our proceedings, and I apologize for some of the errors in my brief, but the timetables were difficult to meet. But when I was appointed, because termination is so absolute, it's much more important than a misdemeanor criminal case, which he has more rights than that, than this. For this court to carve out this standard in this situation, to me, weighs against it. This is never going to happen again, in my opinion. Well, it shouldn't have happened the first time. I hope it will be another 45 years before I have occasion to see it again. But given the scenario, what we're requesting is to void the proceedings post his motion, assign this to a different judge, which has to happen since Judge Pacey has retired December 31st. I understand, but... And then everything else... It's a technical matter, and so I concede that all this is very strange. But nonetheless, I don't, you know, we've gone over this record rather more than I would like. I don't think there was a second motion to substitute judge when the motion for, or the termination petition, finally naming your client, finally making him a party, appeared. So that your argument, and that's why I begin my questioning as I did, essentially referred back to the allegedly improper denial of the motion for SOJ in 2011. And I think you might have a hell of an argument if he were a party. But if he's not a party, can it be said that everything thereafter was void when... I think it might be viewed as a nugatory act. Judge, if he's not a party, how can it be enforced upon him? Well, that's a good point. And I looked at that, too. You would say, well, how can he be said to have failed to meet the standard of reasonable efforts or progress to have the child returned? I mean, this is a good point. But there was another count that had nothing to do with that. Namely, there was a count of the termination petition alleging he was depraved based upon his criminal record and so forth. That count, which the court found, in which you're not challenging on appeal, has nothing to do with whether he failed, even though he wasn't a party, to do the things in the neglect proceeding was ordered to do. Judge, on the substitution motion, I believe I have that in my file and I'd like to make reference to it on rebuttal. But in terms of what you just asked, at some point, Mr. Parkinson dismisses one of his counts. Who? You mean Basie? No, Ed Parkinson. Oh, Ed Parkinson. He dismisses one of his counts because one of his witnesses was not familiar with the file. One of which counts? It was one of the five counts he filed. On termination? Correct. But there was still, we checked the record, the depravity was still there and the court found it and that's not been challenged on appeal. And in fact, it looks like, since it's a status thing, I'm not sure you could. I mean, it seems to fit as far as his criminal record and all that. That would have been a struggle on my part. Okay. As good as you are, Mr. Zoff, it's kind of tough to argue against his prior criminal record. So I think, you know, it just seems to me that one, he was in a party and two, if there's no later motion for substitution of judge, that the erroneous denial of the earlier SOG might not matter. Judge, I'll review the documents and the record. If you can find it when you're having a rebuttal opportunity, please let us know. We looked at this record and did not see it, but the record was, how should I put it, not in great shape either. Thank you. Okay, thank you. You may proceed, Mr. Williams. May I plead the court, counsel? Rather than go through all the facts again, I'd rather try to answer. We're rather more on top of this case than we'd like, as you heard. You don't have to repeat the facts. You can share us an insight if you have one, other than they just messed up. Any reason you've been at this a long time? I think Mr. Zoff is correct as to the almost nonexistent threshold required before you name a possible father as a respondent party in a neglect proceeding. Any particular reason that your office failed to do that? I don't know of any, Judge. Here's this guy showing up repeatedly saying, hey, here I am. Do I get to participate? And the judge says, well, you do, but you know you're not a party. Whatever that means. I don't have an explanation. Okay. Any other questions? But they did include him in the termination petition. Correct. I think that's correct. And he was found to be depraved on top of all the other stuff. Yes, sir. I suppose there is a question. You heard me review all this. Is your understanding from looking at the record, have I got any of this wrong? No, sir. Not at all. Any other questions? Seeing none, thank you. Have you had sufficient time to? Not quite, but I think I can make reference to the transcript. Okay. Okay. This is September 20th, 2011. And this is the first time that Judge Pacey refers to Mr. Widmer as the father partner. On page 5, Mr. Widmer, who is now pro se, says, I have a written file for substitution and now party to the case I wanted in the record. So that's the substitution motion. He says what again? Would you repeat that? Sure. And what page of the transcript? Page 5. Page 5 of the hearing on the September 11, 2000, or was it September 2013? Correct. No, 2011. September 20th, 2011. Okay. I believe it's volume 5. That's back on the neglect proceeding. That's correct. Okay. And what does he say? I have a written file for substitution now that I'm a party to the case I wanted in the record. Well, Mr. Widmer seems to have a better understanding about the need to be a party than the judge and the lawyers at that point. Judge Pacey, before I was appointed, had that time running against Mr. Widmer on his 10-day 725 substitution judge motion. And from that, he learned the timeliness and necessity. Now, subsequent to that, he was charged in 12 CF 11 and 12 CF 18, and we did it the right way, and he had counsel at that point. So for Mr. Widmer to be held to this standard of, oh, the other side didn't do what they're supposed to, therefore you need to do something, seems a little bit out of us. Well, you need to do something 18 months later. After all, it's frankly, and to be candid on this, Mr. Zoff, I was the one who wrote, and apparently the Supreme Court of Illinois didn't agree and other courts have affirmatively disagreed. I was the one who wrote that the termination proceeding is an entirely separate proceeding from the neglect so that you can't, your earlier motion SOJ wouldn't be applicable at all. It seems to no longer be the law, however, so I conceded your initial point, which I understood to be, an improperly denied SOJ in the neglect proceeding would in fact carry over to the same later termination involving the same child and the same parent. I think that's clear, but you've got to be a party to do it. So then the question is, 18 months later, he could have, and apparently he's shown an ability to file SOJs, could have done it when the petition for termination came up. I found it, Your Honor. What did you find? This is an August 1st, 2013 entry. It's C-233 and C-234, and it's my motion to dismiss, motion to terminate parental rights of respondent father pursuant to 735 ILCS 2-2-615. I know you filed a motion to dismiss based on the improper denial of the motion for substitution of judge. We've seen it. Where is the motion for substitution of judge? I would think that this motion, in this form, basically is saying that the prior proceedings are nullity, particularly given what I said earlier, that Judge Pacey's evidence is so reliant upon so much of what preceded that. At a minimum, proceedings before the substitution of motion, before he's named a party, should be nullity as to him, thereby depriving the court of all of that evidence with the exception of the depravity. But I want to be clear on this. My earlier point was no second or independent motion for substitution of judge is filed by your client or you on his behalf in the termination proceeding. You were instead relying upon the earlier one. Now, you seem, maybe I wasn't clear, but you seem to indicate that that wasn't the case. A second SOJ motion was filed, but I didn't see one on the record. I missed both. So it was your motion to dismiss based upon. Correct. But we're back in the same position, it seems to me. If he isn't the party, then the improper, what would be the improper denial of a motion for SOJ doesn't count, does it? It seems to me that the clearest way to deal with this and to avoid further problems and to provide a clear direction to future judges would be to render this nullity, remand it, put the evidence of the depravity, and now you're in a position which you're talking about and you haven't done a bunch to make SNF look like a mess one year later. I don't think we need to avoid this precedent because, as I said, I don't think we've seen anything like this and I hope never to again. Well, it's been a pleasure, Your Honor, unless you have any more questions. Thank you, counsel. And recess for lunch.